UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JAMES BAKER,
    *Plaintiff*,

v.

C/O MOORE,
    *Defendant*.

No. 3:16-cv-02005 (JAM)

**ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A**

Plaintiff James Baker is confined at the Osborn Correctional Institution in Connecticut. He has filed a complaint *pro se* and *in forma pauperis* under 42 U.S.C. § 1983. He contends that his Eighth Amendment right to be free from cruel and unusual punishment was violated when he was forced to endure a prison transport ride with a correctional officer who was smoking a cigarette. Because I conclude that plaintiff has not alleged facts that establish plausible grounds for relief against the defendant correctional officer, I will dismiss the complaint pursuant to 28 U.S.C. § 1915A.

**BACKGROUND**

The following facts are alleged in the complaint and accepted as true only for purposes of this initial ruling. On September 20, 2016, plaintiff was in a transport van being taken from Osborn to court in New Haven with other inmates. Doc. #1 at 5. A corrections officer—defendant Moore—was in the vehicle, and he smoked a cigarette in violation of prison directives. *Id.* at 6. Plaintiff asked Moore to put out his cigarette but Moore ignored plaintiff and continued to smoke his cigarette. *Id.* at 5.

The trip lasted 90 minutes, and plaintiff felt ill because of his exposure to second-hand smoke. Plaintiff alleges that his exposure to second-hand smoke caused him to experience

nausea, inability to eat, headaches, chest pains, difficulty breathing, numbness in his limbs, teary eyes, itching and burning skin, dizziness, a sore throat, coughing and production of sputum that day, and that he was denied medical attention until he returned to Osborn that evening. He alleges no symptoms that lasted beyond that day.

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* The allegations of a *pro se* plaintiff's complaint must be read liberally to raise the strongest arguments that they suggest. *See Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

In recent years, the Supreme Court has set forth a threshold "plausibility" pleading standard for courts to evaluate the adequacy of federal court complaints. A complaint must allege enough facts—as distinct from legal conclusions—that give rise to plausible grounds for relief. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Notwithstanding the rule of liberal interpretation of a *pro se* complaint, a *pro se* complaint may not survive dismissal if its factual allegations do not meet the basic plausibility standard. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

Even assuming a prisoner's complaint alleges facts that plausibly establish a violation of the prisoner's constitutional rights, not every violation of the Constitution may justify an award of money damages against a correctional official. That is because the doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct

does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also Carroll v. Carman*, 135 S. Ct. 348, 351 (2014). As the Supreme Court has explained, "a defendant cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it." *Plumhoff v. Richard*, 134 S. Ct. 2012, 2023 (2014); *see also McGowan v. United States*, 825 F.3d 118, 124 (2d Cir. 2016) (outlining scope of qualified immunity inquiry).

The Eighth Amendment to the U.S. Constitution prohibits the imposition of cruel and unusual punishment. It is well established that "a prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). To show that a prison official has violated the Eighth Amendment, a prisoner must demonstrate (1) that the conditions of confinement objectively posed "a substantial risk of serious harm," and (2) that the prison official acted subjectively with at least "deliberate indifference" to the inmate's health or safety. *Id.* at 834.

In *Helling v. McKinney*, 509 U.S. 25 (1993), the Supreme Court considered an Eighth Amendment claim of a prisoner who was assigned to a cell with another inmate who smoked five packs of cigarettes a day. The Court concluded that the inmate plaintiff may have a cognizable claim if he proved in part that prison officials "exposed him to levels of [second-hand smoke] that pose an unreasonable risk of serious damage to his future health." *Id.* at 35. This inquiry "requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk." *Id.* at 36.

The Second Circuit has also considered similar claims by prisoners exposed to second-

hand smoke. On the one hand, it has sustained Eighth Amendment claims that objectively involve a prolonged and substantial exposure to second-hand smoke. *See, e.g.*, *Colon v. Drew*, 335 Fed. Appx. 86, at *2 (2d Cir. 2009) (affirming denial of qualified immunity for prison official against Eighth Amendment claim by prisoner who was "housed in poorly ventilated areas with inmates, many of whom smoked one or more packs of cigarettes a day"); *Shepherd v. Hogan*, 181 Fed. Appx. 93, at *1 (2d Cir. 2006) (genuine issue of fact to sustain Eighth Amendment claim where plaintiff was "imprisoned in close quarters with a chain smoker for more than a month"); *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002) (genuine issue of fact to sustain Eighth Amendment claim where plaintiff was bunked with a smoker and surrounded by seven inmates who were chain smokers or frequent smokers); *Warren v. Keane*, 196 F.3d 330, 331, 333 (2d Cir. 1999) (affirming denial of qualified immunity for prison officials where the plaintiffs alleged that inmates had smoked "freely in their cells," and there had been "under-enforcement of inadequate smoking rules, overcrowding of inmates and poor ventilation").

On the other hand, the Second Circuit has noted that "it is true that some exposures to [second-hand smoke] are brief enough not to violate the Eighth Amendment." *Shepard*, 181 Fed. Appx. at *1 (citing *Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004) (affirming district court's finding that three brief encounters with second-hand smoke, including exposure at work, and exposure when prison official deliberately blew smoke in and around prisoner's cell, were insufficient to state a constitutional claim)); *see also Taylor v. Conway*, 381 Fed. Appx. 40, 41–42 (2d Cir. 2010) (affirming district court's finding that exposure to second-hand smoke was not "unreasonably high" where one supervisor at plaintiff's work assignment was a smoker).

In short, the Eighth Amendment does not categorically protect an inmate from any exposure to second-hand smoke. "Courts have generally found ETS [environmental tobacco

4

smoke] exposure to be unreasonably high mainly when the plaintiff shares a cell with an inmate who is a frequent or chain smoker, or when the plaintiff is housed in a cell surrounded by such smokers." *Eldridge v. Williams*, 2013 WL 4005499, at *8 (S.D.N.Y. 2013). By contrast, "courts in this Circuit have generally found ETS exposure to be insufficiently high when the exposure was limited to common areas outside of immediate living quarters, such as recreational areas where a plaintiff is only temporarily and/or voluntarily exposed to ETS." *Ibid.*

In light of these cases that preceded the events at issue here, it is clear that plaintiff's brief exposure to a single cigarette during a 90-minute transport ride does not violate the Eighth Amendment. But even if it did, Moore is entitled to qualified immunity from plaintiff's claim for money damages. Plaintiff was not subject to extensive and prolonged exposure to second-hand smoke, and there was no clearly established right to be free from any and all exposure to second-hand smoke. Although Moore certainly should not be praised for smoking in violation of prison rules, no objectively reasonable official in his shoes would have believed that smoking a cigarette would not merely violate prison rules but would violate plaintiff's constitutional rights. *See Davidson v. Kelly*, 141 F.3d 1151, at *4 (2d Cir. 1998) ("Even after *Helling*, defendants could only have known with certainty that double-celling an inmate with an inordinately heavy smoker might constitute cruel and unusual punishment; it is far from settled that placing a prisoner such as Davidson, who did not share a cell, in an environment in which ambient tobacco smoke is present would constitute a violation of the Eighth Amendment. Because defendants did not invade a clearly established right, they are entitled to qualified immunity.").

Plaintiff also alleges that he told Moore near the end of the ride that he felt sick and needed medical attention, but that Moore told him he could not get medical care until they returned to Osborn. Given what was known to Moore, I conclude that no reasonable official

would have understood it to violate the Eighth Amendment not to immediately take plaintiff to see a doctor for discomfort caused by exposure to one person smoking a cigarette.

## CONCLUSION

For the reasons set forth above, the complaint is DISMISSED pursuant to 28 U.S.C. § 1915A. Because I conclude that the filing of any amended complaint would be futile in light of the facts already set forth in the initial complaint, this order of dismissal is with prejudice. The Clerk of Court shall close this case.

It is so ordered.

Dated at New Haven, Connecticut this 30th day of December, 2016.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge